UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| James Sharkey,<br><br>               Plaintiff,<br><br>   v.<br><br>Susan Clark,<br><br>               Defendant. | Case No. 2:24-cv-01513-JAD-DJA<br><br>**Order** |

Pro se Plaintiff James Sharkey filed an application to proceed *in forma pauperis*. (ECF No. 1). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice. Also before the Court is Plaintiff's motion for leave to file an addendum to the complaint. (ECF No. 3). Because complaints must be complete in and of themselves, the Court denies Plaintiff's motion, but will give Plaintiff leave to file an amended complaint with his renewed application to proceed *in forma pauperis* or with his payment of the filing fee.

**Discussion.**

**I.**    **Plaintiff's *in forma pauperis* application.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

On his application, Plaintiff claims that his only income is Nevada Welfare for Energy Assistance—which provides a supplement to assist qualifying low-income Nevadans with the cost of home energy[1]—and food stamps. But Plaintiff does not explain how much he receives through those programs. He also claims to be unemployed, make no money from any other source; have no money in cash or in a checking or savings account; have nothing of value; have no bills; have no dependents; and have no debts or financial obligations.

On the docket, Plaintiff includes an address. The Court takes judicial notice of the fact that public records reveal the address is an apartment complex. Plaintiff does not provide any details in the application regarding how he pays rent, how he pays bills and utilities other than his energy costs, or how he lives considering his claim to have no money and no bills. Additionally, Plaintiff's complaint centers around the fact that the Nevada Real Estate Division denied his broker license application, which application costs between $160 and $235, depending on the

---

[1] *See Energy Assistance Program*, NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF WELFARE AND SUPPORTIVE SERVICES, https://dwss.nv.gov/Energy/1_Energy_Assistance/ (last visited August 29, 2024).

application.² (ECF No. 1-1 at 11).  But he does not include this expense in his application. Plaintiff also alleges that the denial of his license has resulted in lost income and legal expenses. (*Id.*).  But Plaintiff does not include any income or legal expenses on his application.  The Court finds that Plaintiff has omitted information from the application.  As a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.

The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application.  The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions.  Plaintiff also may not leave any questions blank.  Plaintiff must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice.  The Court gives Plaintiff 30 days to file an updated application.  Plaintiff must fully answer all applicable questions and check all applicable boxes.  Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

**II.     Plaintiff's motion to file an addendum to his complaint.**

Plaintiff moves to file an addendum to the complaint he attaches to his application to proceed *in forma pauperis* so that he may provide additional facts and clarify certain issues. (ECF No. 3).  However, a complaint must be complete in itself, without references to prior

---

² *See Real Estate Broker – Initial License Requirements (October 1, 2021 and After)*, NEVADA DEPARTMENT OF BUSINESS AND INDUSTRY NEVADA REAL ESTATE DIVISION, https://red.nv.gov/Content/Real_Estate/Broker/Initial_License_Requirements/ (last visited August 29, 2024) ($160 for initial license); *see Broker First Renewal – Licenses Expiring on or After October 31, 2021*, NEVADA DEPARTMENT OF BUSINESS AND INDUSTRY NEVADA REAL ESTATE DIVISION, https://red.nv.gov/Content/Real_Estate/Broker/First_Renewal/ (last visited August 29, 2024) ($235 for first license renewal); *see Broker Subsequent Renewals – Licenses Expiring on or After October 31, 2021*, NEVADA DEPARTMENT OF BUSINESS AND INDUSTRY NEVADA REAL ESTATE DIVISION, https://red.nv.gov/Content/Real_Estate/Broker/Subsequent_Renewal_After/ (last visited August 29, 2024) ($235 for subsequent license renewals); *see Broker Inactive Renewal*, NEVADA DEPARTMENT OF BUSINESS AND INDUSTRY NEVADA REAL ESTATE DIVISION, https://red.nv.gov/Content/Real_Estate/Broker/Inactive_Renewal/ (last visited August 29, 2024) ($235 for inactive license renewal).

1   complaints. *See Festa v. NDOC*, No. 2:17-cv00850-APG-NJK, 2018 WL 3715708, at *1 (D.
2   Nev. Aug. 3, 2018).  This is because an amended complaint supersedes (replaces) an original
3   complaint.  *See id.* (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542,
4   1546 (9th Cir. 1989)).  The Court denies Plaintiff's motion to file an addendum to his complaint.
5   Plaintiff may choose to file an amended complaint along with any renewed application to proceed
6   *in forma pauperis* or along with the payment of the filing fee.  If he does, the Court will disregard
7   his original complaint and only consider the amended complaint, so any amendment must be
8   complete in itself.

26   ///
27   ///
28   ///

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **September 30, 2024** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. **Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[3]

**IT IS FURTHER ORDERED** that Plaintiff's motion to file an addendum to his complaint (ECF No. 3) is **denied.** Plaintiff may choose to file an amended complaint along with any renewed application to proceed *in forma pauperis* or along with the payment of the filing fee. If he does, the Court will disregard his original complaint and only consider the amended complaint, so any amendment must be complete in itself.

DATED: August 29, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[3] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.